IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOYCE PIPKINS, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:22-cv-02879-E (BT) |
| | § | |
| GRAND PRAIRIE POLICE | § | |
| DEPARTMENT, et al., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Joyce Pipkins initiated this *pro se* civil action by filing a complaint and a motion for leave to proceed *in forma pauperis*. The Court granted Pipkins leave to proceed *in forma pauperis*, but withheld issuance of process pending judicial screening. Ord. (ECF No. 6). For the reasons stated, the Court should dismiss this civil action under 28 U.S.C. § 1915(e)(2)(B).

**Background**

Pipkins brought this lawsuit against the Grand Prairie Police Department and Officers David Hunter and FNU Patterson on December 22, 2022. Compl. 1 (ECF No. 3). On January 30, 2023, the Court issued a Magistrate Judge's Questionnaire (MJQ) to Pipkins so that she could clarify her claims. The Court instructed her to respond in 30 days, and she filed a response on February 17, 2023. (ECF No. 11.)

In her complaint and response to the MJQ, Pipkins asserts that her case is based on (1) 42 U.S.C. §§ 1983, 1985 (civil rights & conspiracy); (2) Texas Family Code § 52.02 (Texas Family Code), (3) 18 U.S.C. § 242 (federal criminal law), (4) the Texas Constitution, and (5) the United States Constitution. Compl. 1; Resp. 2, 3. Pipkins alleges that she and her children were staying at the hotel La Quinta Inn and Suites in Grand Prairie, Texas, on May 10, 2021, when an "encounter" occurred between her, Officer Hunter, and Salon, the hotel manager. Compl. 1. Specifically, Pipkins contends that Officer Hunter "conspired" with Salon to remove her from the hotel. Compl. 1; Resp. 1. She alleges that Officer Hunter threatened her with charges for "criminal trespassing," but she claims that "she didn't [break] any laws." Compl. 1. She explains that she was "trying to pay for [the] room [but] he told her to be gone by 3:00 pm that evening." *Id.* Pipkins further explains that Officer Hunter's actions placed her and her children "in harm, causing [the] current homeless [situation] as of today." *Id.* Pipkins further alleges that months later, on March 1, 2022, Officer Patterson arrested her daughter, Anayia, without informing Pipkins, and he caused Anayia "bodily injury." Compl. 1; Resp. 1. She states that, at the time, Anayia was only seventeen years old, and she was still in high school. Compl 1. Pipkins concludes, "I am [now] homeless and [my] family [is] scattered and divided." Resp. 1. As relief, Pipkins seeks $20,000,000 in monetary damages. Compl. 3.

**Legal Standards**

Under 28 U.S.C. § 1915(e), a district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must "plead enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court liberally construes Pipkins's pleadings with all deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); Cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice"). But even under this liberal standard, Pipkins has failed to state a claim.

3

## Analysis

### 1. Grand Prairie Police Department

Pipkins has named the Grand Prairie Police Department as a defendant. Compl. 1. "The capacity of an entity to sue or be sued 'shall be determined by the law of the state in which the district court is held.'" *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) (quoting Fed. R. Civ. P. 17(b)). "Federal courts in Texas have uniformly held that entities without a separate jural existence, such as municipal police departments, are not subject to suit." *Grayson v. Dallas Police Dep't.*, 2023 WL 2286646, at *1 (N.D. Tex. Feb. 2, 2023), *rec. accepted*, 2023 WL 2290784 (N.D. Tex. Feb. 28, 2023); *accord Brodzki v. N. Richland Hills Police Dep't.*, 2010 WL 1685799, at *1 (N.D. Tex. Mar. 31, 2010) ("[A] police department is not a jural entity that can be sued."), *rec. accepted*, 2010 WL 1685798 (N.D. Tex. Apr. 19, 2010); *see also Harris v. Longview Police Dept.*, 2019 WL 1907466, at *2 (E.D. Tex. Mar. 26, 2019) ("The Longview Police Department, however, has no jural existence and cannot be sued."); *Propes v. Plano Police Dept.*, 2005 WL 1177880, at *4 (E.D. Tex. May 18, 2005) (holding the Plano Police Department lacked a separate jural existence); *Morales v. Carrillo*, 2020 WL 3684864, at *23 (W.D. Tex. July 6, 2020) ("The Plaintiffs have failed to establish that [El Paso Police Department] enjoys a separate, legal existence from the City of El Paso and, therefore, [El Paso Police Department] cannot be separately sued."), *rec. accepted*, 2021 WL 664854 (Feb. 19, 2021). "In

order for a plaintiff to sue a city department, it must 'enjoy a separate legal existence.'" *Darby*, 939 F.2d at 313 (citations omitted). "Therefore, '[u]nless the political entity that created the department has taken 'explicit steps to grant the servient agency with jural authority,' the department lacks the capacity to sue or to be sued.'" *Evans v. City of Dallas*, 2017 WL 958607, at *6 (N.D. Tex. Mar. 13, 2017) (citations omitted). "The burden of showing that the city or county department has the capacity to be sued rests on the plaintiff." *Cortes v. Havens*, 2014 WL 6861245, at *6 (N.D. Tex. Dec. 5, 2014) (citation omitted).

Pipkins fails to demonstrate or even allege that the Grand Prairie Police Department is a separate legal entity having jural authority. *See Torti v. Hughes*, 2007 WL 4403983, at *2 (N.D. Tex. Dec. 17, 2007) (dismissing the claims against the Grand Prairie Police Department under § 1915(e)(2) because the plaintiff failed to allege or otherwise demonstrate it has a jural existence). Therefore, the Court should dismiss Pipkins's claims against the Grand Prairie Police Department.

**2. Civil Rights Claims under 42 U.S.C. § 1983**

Pipkins's lawsuit is a civil rights action under 42 U.S.C. § 1983. Compl. 1; *see also* Resp. 3. To state a claim under § 1983, a plaintiff must: (1) allege she has been deprived of a right secured by the Constitution or the laws of the United States; and (2) show the alleged violation was committed by a person acting under color of state law. *Cornish v. Corr. Servs. Corp.*, 402

5

F.3d 545, 549 (5th Cir. 2005) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Law enforcement officers are entitled to qualified immunity "unless it is shown that, at the time of the incident, [the officer] violated a clearly established constitutional right." *Mangieri v. Clifton*, 29 F.3d 1012, 1015 (5th Cir. 1994). When attempting to impose liability against a municipality or an individual officer under § 1983, a plaintiff must first allege that she has been deprived of a right secured by the United States Constitution or federal law. *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004) (to establish a § 1983 claim, there must be "a deprivation of a right secured by federal law"); *see also Peterson v. City of Fort Worth*, 588 F.3d 838, 844 (5th Cir. 2009) (recognizing a constitutional violation is a "threshold" requirement in any § 1983 claim); *Becerra v. Asher*, 105 F.3d 1042, 1048 (5th Cir. 1997) ("[W]ithout an underlying *constitutional* violation, there can be no § 1983 liability[.]") (emphasis in original).

### a. Officer Hunter

Pipkins alleges that Officer Hunter verbally threatened her with "criminal trespassing" charges when "she didn't [break] any laws." Compl. 1. She further alleges that she was "trying to pay for [the] room [but] he told her to be gone by 3:00 pm that evening." *Id.* Pipkins contends that Officer Hunter's actions placed her and her children "in harm, causing current homeless [situation] as of today." *Id.* But "[m]ere threatening language does *not* amount to a constitutional violation, giving rise to liability for an action

6

pursuant to § 1983." *Widner v. Aguilar*, 398 F. App'x 976, 979 (5th Cir. 2010) (per curiam) (citing *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir.1993)). Verbal harassment claims do not amount to a constitutional violation. *Orange v. Ellis*, 348 F. App'x 69, 72 (5th Cir. 2009) (per curiam) (citing *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.1983)). "Mere words are not sufficient to support a Section 1983 claim." *Orange*, 348 F. App'x at 72; *McFadden*, 713 F.2d at 146.

Pipkins's allegations regarding Officer Hunter are apparently based solely on verbal threats he allegedly made. But, threatening language cannot rise to the level of a constitutional violation, so there is no liability for these claims under § 1983. *See Widner*, 398 F. App'x at 979; *see also Orange*, 348 F. App'x at 72. Accordingly, the Court should dismiss Pipkins's claims based on alleged verbal threats from Officer Hunter.

### b. Officer Patterson

Pipkins alleges that her daughter, Anayia, was assaulted by Officer Patterson during an arrest on March 1, 2022. Compl. 1; Resp. 1. She further alleges that, at the time, Anayia was only seventeen years old. Compl. 1; Resp. 1. This claim fails because Pipkins cannot bring a § 1983 claim on behalf of her daughter, Anayia.

Section 1983 allows for an individual to seek recovery for the violation of constitutional rights. *Andrews v. Anderson*, 2012 WL 6049082, at *1 (N.D. Tex. Dec. 5, 2012). "A § 1983 claim must be based upon the violation

of a plaintiff's personal rights, and not based on the rights of someone else."
*Id.* & *Andrews*, 2012 WL 6049082, at *1 n.10 (citing *Broomfield v. Jones*, 849 F.2d 152, 154-55 (5th Cir. 1988)); *see also Jaco v. Bloechle*, 739 F.2d 239, 241 (6th Cir.1984) ("By its own terminology, the statute [§ 1983] grants the cause of action 'to the party injured.' Accordingly, it is an action *personal* to the injured party[.]") (emphasis in original)). A plaintiff must demonstrate that she personally suffered some injury because of defendant's conduct. *Andrews*, 2012 WL 6049082, at *1.

Pipkins states that Anayia was seventeen years old on the date of the incident with Officer Patterson on March 1, 2022, which would mean she was a minor. Compl. 1. This lawsuit was initiated less than ten months later, on December 22, 2022. Even if Anayia was still a minor at that time, Pipkins did not have the right to bring claims on her behalf. *See Sprague v. Dep't of Fam. & Protective Servs.*, 547 F. App'x 507, 508-09 (5th Cir. 2013) (per curiam) ("[T]his Court has held that a party could not proceed *pro se* on behalf of anyone other than himself when he brought suit on behalf of himself, his wife, and her minor child.") (citing *Johnson v. Lufkin Daily News*, 48 F. Appx. 917, 917 (5th Cir. 2002) (per curiam); 28 U.S.C. § 1654); *Morgan v. Texas*, 251 F. App'x 894, 896 n.2 (5th Cir. 2007) (per curiam) (noting because the plaintiff was proceeding *pro se*, she did not have the authority to assert claims on behalf of the minor child); *Johnson*, 48 F. Appx.

8

at 917 (holding a father could not proceed *pro se* on behalf of his wife and her child).

In sum, Pipkins has no standing under § 1983 to pursue Anayia's rights in this lawsuit. *See Andrews,* 2012 WL 6049082, at \*1; *see also Sprague,* 547 F. App'x at 508-09. Pipkins cannot pursue any claims under § 1983 brought on behalf of Anayia, and the Court should dismiss any claims she is attempting to bring on behalf of Anayia.

### c. Other Constitutional Violations

To the extent Pipkins seeks to assert any other § 1983 claims, such claims are not actionable because Pipkins fails to allege facts suggesting a violation of the United States Constitution or federal law occurred. *See Baker v. McCollan,* 443 U.S. 137, 140 (1979) ("The first inquiry in any § 1983 suit, therefore, is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.'") (quoting 42 U.S.C. § 1983); *accord Oliver v. Scott,* 276 F.3d 736, 744 n.10 (5th Cir. 2002); *see also Calhoun v. Hargrove,* 312 F.3d 730, 734 (5th Cir. 2002) ("A claim for relief under § 1983 must allege the deprivation of a right secured by the Constitution or the laws of the United States by a defendant acting under color of state law.") (citing *Wong v. Stripling,* 881 F.2d 200, 202 (5th Cir.1989)). "Liability for an action pursuant to § 1983 must be based on constitutional violations, *not* mere negligence." *Widner,* 398 F. App'x at 979 (citing *Daniels v. Williams,* 474 U.S. 327, 332-33 (1986)).

Pipkins's allegations fail to suggest she sustained the violation of a right arising under federal law or the United States Constitution. She therefore fails to state a claim under § 1983, and her § 1983 claims should be dismissed.

**3. Civil Conspiracy Claim under 42 U.S.C. §§ 1983, 1985**

Pipkins alleges that there was a "civil conspiracy" to remove her from the hotel, and she specifically refers to § 1983 and § 1985. Compl. 3; Resp. 3. To the extent Pipkins is proceeding under § 1983, her civil conspiracy claim fails. In the Fifth Circuit, "[i]t is now well settled . . . that 'mere conclusory allegations of conspiracy [under 42 U.S.C. § 1983] cannot, absent reference to material facts, state a substantial claim of federal conspiracy.'" *McAfee v. 5th Cir. Judges,* 884 F.2d 221, 222 (5th Cir. 1989) (per curiam) (quoting *Brinkmann v. Johnston,* 793 F.2d 111, 113 (5th Cir. 1986) (per curiam)). Pipkins makes only a conclusory allegation that Officer Hunter "conspired" with Salon, the hotel manager, to remove her from the La Quinta Inn and Suites. Compl. 1; Resp. 1. Thus, she fails to state a civil conspiracy claim under § 1983. The Court should dismiss Pipkins's federal conspiracy claim under § 1983.

To plead a § 1985 claim, a plaintiff must allege:

"(1) the defendants conspired (2) for the purposes of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, and (3) one or more of the conspirators committed some act in furtherance of the

10

conspiracy; whereby (4) another person is injured in his person or property or deprived of having and exercising any right or privilege of a citizen of the United States; and (5) the action of the conspirators is motivated by a racial animus."

*Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 270 n.12 (5th Cir. 2001) (quoting *Wong*, 881 F.2d at 202-03).

As discussed, Pipkins makes only a bare allegation that Officer Hunter "conspired" with Salon, the manager at La Quinta Inn and Suites, to remove her from the hotel. Compl. 1, 3; Resp. 1. She has failed to allege <u>any</u> of the elements of a civil conspiracy claim under § 1985. *See Horaist*, 255 F.3d at 270 N.12. The Court should dismiss Pipkins's conspiracy claim under § 1985.

**4. Federal Criminal Law**

Pipkins also seeks to bring this action under federal criminal law, 18 U.S.C. § 242. Resp. 2. Section 242 is entitled "Deprivation of rights under color of law." 18 U.S.C. § 242. To the extent that Pipkins seeks to initiate criminal charges against the defendants, there is no constitutional right to have someone criminally prosecuted. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *see also Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960) ("The sections of Title 18 may be disregarded in this [civil] suit. They are criminal in nature and provide no civil remedies."); *Thornton v. Merchant*, 2011 WL 147929, at *13 (S.D. Tex.

Jan. 18, 2011) ("[T]here is no constitutional right to have someone criminally prosecuted.") (citing *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990)).

For these reasons, Pipkins's passing reference to § 242, a federal criminal statute, does not state a claim upon which relief can be granted. The Court should dismiss her claim under federal criminal law.

## 5. State Law Claims

Last, Pipkins brings this lawsuit under Texas state law. Specifically, she contends that her claims arise under the Texas Family Code § 52.02 and the Texas Constitution. Compl. 1; Resp. 2.

To the extent Pipkins alleges Texas state law violations, she has failed to show the Court can properly exercise jurisdiction over those claims. As discussed above, she has failed to state a claim under federal law, and the Court recommends dismissal of any state law claims Pipkins may be attempting to raise. *See Parker & Parsley Petroleum Co. v. Dresser Industries*, 972 F.2d 580, 585 (5th Cir. 1992) (citing *Wong*, 881 F.2d at 204) (stating generally state law claims should be dismissed when the federal claims they supplement are dismissed); *United Mine Workers of America v. Gibbs*, 86 S. Ct. 1130, 1139 (1966) (same).

## Leave to Amend

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Brynes*, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*,

2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. "Granting leave to amend is not required, however, if the plaintiff has already pleaded his 'best case.'" *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (citation omitted).

Here, Pipkins has filed a complaint and responded to an MJQ. "A verified questionnaire response allows a plaintiff to plead his or her best case and is a valid way for a *pro se* litigant to amend his complaint." *Merchant v. Garland Police Dep't*, 2022 WL 1158262, at *7 (N.D. Tex. Mar. 28, 2022), *rec. accepted* 2022 WL 1158005 (N.D. Tex. Apr. 19, 2022) (citing *Nixon v. Abbott*, 589 F. App'x 279 (5th Cir. 2015) (per curiam)). Because Pipkins has filed a complaint and responded to an MJQ, she has had ample opportunity to plead her best case, and further leave to amend is not necessary or warranted.

## Conclusion

The Court should DISMISS with prejudice Pipkins's federal claims under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim, and DISMISS without prejudice her state law claims for lack of jurisdiction.

**SO RECOMMENDED**.

June 5, 2023.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).