IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOYCE PIPKINS, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:22-cv-02879-E-BT | |
| § | | |
| GRAND PRAIRIE POLICE § | | |
| DEPARTMENT, et al., § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Joyce Pipkins has filed a motion for leave to proceed *in forma pauperis* on appeal (ECF No. 19). For the following reasons, the District Court should deny Pipkins's motion.

I.

Pipkins initiated this civil rights action on December 22, 2022, by filing a complaint (ECF No. 3) and a motion for leave to proceed *in forma pauperis* (ECF No. 4). The next day, the Court granted Pipkins's motion for leave to proceed *in forma pauperis*. (ECF No. 6.) On June 5, 2023, the undersigned magistrate judge recommended that the Court dismiss Pipkins's federal claims with prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim and dismiss her state law claims without prejudice because those claims lacked jurisdiction. FCR (ECF No. 13). Pipkins filed objections (ECF No. 14), but they were overruled. On June 30, 2023, the

District Court accepted the magistrate judge's recommendation and entered judgment. Ord. (ECF No. 15); J. (ECF No. 16).

## II.

To proceed *in forma pauperis* on appeal, an appellant must show financial eligibility and a nonfrivolous issue for appeal. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Under Federal Rule of Appellate Procedure 24(a)(3)(A), an appellant is ineligible for *in forma pauperis* status if the court certifies that the appeal is not taken in good faith. "Good faith" means that the issues on appeal are not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). When the underlying claims are "entirely frivolous and had no possibility of success," the appeal is not taken in good faith. *Baugh v. Taylor*, 117 F.3d 197, 201-02 (5th Cir. 1997). The determination of whether good faith exists "is limited to whether the appeal involves legal points arguable on the merits (and therefore not frivolous)." *United States v. Moore*, 858 F. App'x 172, 172 (5th Cir. 2021) (per curiam) (quoting *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted)). A district court has discretion in deciding whether to grant or deny a request to proceed *in forma pauperis*. *Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982) (per curiam) (citing *Green v. Estelle*, 649 F.2d 298, 302 (5th Cir. 1981)).

The District Court dismissed Pipkins's complaint—with prejudice, in part, and without prejudice, in part. And at this time, Pipkins has failed to

2

come forward with a compelling argument suggesting that dismissal of her complaint was somehow error. Accordingly, the District Court should DENY Pipkins's motion for leave to proceed *in forma pauperis* on appeal.

### III.

For the foregoing reasons, the District Court should DENY Pipkins's motion.

If the District Court denies Pipkins's request to proceed *in forma pauperis* on appeal, she may challenge that finding by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit within 30 days from the date of this order. *See* [Baugh, 117 F.3d at 202](); *see also* [Fed. R. App. P. 24(a)(5)]().

SO RECOMMENDED.

Signed July 24, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).